**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

CHURCH INSURANCE COMPANY OF VERMONT,

Plaintiff

v.

THE CITY OF MEMPHIS and MEMPHIS LIGHT, GAS and WATER DIVISION,

Defendants.

**COMPLAINT**

Plaintiff, Church Insurance Company of Vermont, hereby sues defendants, the City of Memphis and Memphis Light, Gas and Water Division, and alleges as follows:

**PARTIES**

1. The plaintiff, Church Insurance Company of Vermont, is a wholly subsidiary of the Church Pension Group, a New York corporation. Church Insurance Company of Vermont has its principal place of business located at 210 South Street, Bennington, Vermont 05201. The Church Insurance Company of Vermont is authorized to issue insurance policies in the State of Tennessee. At all times material hereto, Church Insurance Company of Vermont had a policy of insurance in effect issued to Calvary Church for its property located at 102 North 2nd Street, Memphis, Tennessee 38103, policy number BPP0012037, with effective dates from August 1, 2013 to August 1, 2014.

2. The defendants, The City of Memphis and Memphis Light, Gas and Water, a Division of the City of Memphis (hereinafter referred to collectively as “The City of Memphis”) are municipal entities and a formal division of a municipal entity which own, operate, maintain, test, inspect, control, construct, design and fabricate municipal services provided to customers of Memphis Light, Gas and Water, including the municipal water and electrical services provided

by that entity. The City of Memphis' principal place of business is located at 125 North Main Street, Memphis, Tennessee 38103. For purposes of diversity jurisdiction, the defendant City of Memphis, and its operating divisions, are considered a citizen of the State of Tennessee.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the controversy in this matter is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the $75,000 jurisdictional limit of this Court.

4. Venue is proper in this judicial district in that it is the district in which the acts and omissions leading to the claims of the plaintiff occurred and the defendants are located within this judicial district.

**FACTS**

5. The plaintiff's insured, Calvary Church, owns the property and improvements located at 102 North 2nd Street, Memphis, Tennessee; these improvements are used for religious, educational and social services programs.

6. The defendant, City of Memphis, is the owner of the municipal water lines providing water services to Calvary Church.

7. The City through its operating division Memphis Light, Gas and Water, charges its customers, including Calvary Church, for supplying water and services and receives in exchange payments from its customers, including Calvary Church for those services.

8. The defendant, City of Memphis, is the owner of the electrical service, equipment, wires, conductors and other related materials that enter the Calvary Church up to the meter located in the basement.

9. The City, through its Operating Division, Memphis Light, Gas & Water, owns, maintains, inspects, controls, installs, services and operates the electrical service entering the basement of the Calvary Church and charges the Calvary Church for those services and receives in exchange, payments from Calvary Church.

10. The services described above provided by the City of Memphis are proprietary and intended to generate profit to the City of Memphis.

11. Sometime prior to January 23, 2014, a City of Memphis water line, located adjacent to the basement foundation wall of the Calvary Church building, was disconnected and isolated from the active water supply to the structure it had previously served and left capped and/or blocked by the City of Memphis.

12. On January 23, 2014, the water line described in the preceding paragraph failed, burst, deteriorated, ruptured and leaked because it was in a dangerous and/or defective condition.

13. The dangerous or defective condition of the water line described above was caused and created by the City of Memphis.

14. The escaping water from the City of Memphis' abandoned water line flowed into the basement of the Calvary Church, causing extensive property damage, extra expenses and other losses to Calvary Church.

15. The escaping water was able to enter the basement of Calvary Church through a system of electrical vaults, troughs and conduits, all of which were owned, installed, designed and maintained by the City of Memphis to deliver electricity to the Calvary Church and which were not water-tight nor designed to prevent the infiltration of water into the Calvary Church.

16. The City of Memphis and its agents, employees, representatives, departments and divisions were promptly notified by Calvary Church on January 23, 2014 of the water emergency resulting from the failure of the City of Memphis' water line.

17. Despite having prompt notification of the water emergency and dispatching personnel to the scene of the water emergency, the City of Memphis delayed in accomplishing repairs and shutting off the water supply to the failed water line, thereby allowing water to continue to flow into the Calvary Church building for several hours and aggravating, increasing and exacerbating the damage to the Calvary Church.

18. As a result of the incidents described above, Calvary Church submitted claims to the plaintiff, Church Insurance Company of Vermont, pursuant to its policy of insurance and for the damages sustained to the church, its personal property, real property and extra expenses.

19. To date, Church Insurance Company of Vermont has made payments totaling $458,010.86 to Calvary Church as a result of the events described above, and additional claims under the insurance policy are pending.

20. Based upon the payments made by the plaintiff Church Insurance Company of Vermont to Calvary Church, the plaintiff is legally, equitably and contractually subrogated to the claims of Calvary Church against any third parties responsible for the damages sustained by Calvary Church, including the defendants named herein.

21. The damages sustained by Calvary Church, and the plaintiff, were caused by the negligence, carelessness, acts and omissions of the defendant City of Memphis as more fully set forth below.

**COUNT I: NEGLIGENCE**

22. Plaintiff incorporates and reavers as if fully stated herein the allegations preceding Count I.

23. The damages sustained by Calvary Church and the plaintiff were caused by the negligence, carelessness, acts and omissions of the City of Memphis in that it:

(a) Failed to properly isolate the abandoned and out of service water line that cracked, burst and leaked on or about January 23, 2014;

(b) Failed to properly support and protect the abandoned and out of service water line so as to prevent foreseeable and expected failure of the water line given the condition it was left in;

(c) Allowed water to remain in the abandoned and out of service water line without permitting any movement, flushing or other cleansing of the metal water line and

its components, thereby promoting corrosion, rusting and other deterioration of the water line;

(d) Used improper materials to cap, block and seal the abandoned and out of service water line;

(e) Permitted the out of service water line to remain imbedded in and pass through an underground utility vault that promoted the foreseeable and expected failure of the water line;

(f) Failed to properly and promptly respond to reports from Calvary Church of the water emergency described above;

(g) Failed to properly and promptly turn off the water flowing through the failed water line upon receiving notice of the water emergency described above;

(h) Failed to stop the flow of water flowing through the failed water line upon receiving notice of the water emergency described above;

(i) Failed to divert the water flowing through the failed water line upon receiving notice of the water emergency described above;

(j) Failed to properly train its agents, servants, workmen, contractors and employees in the proper methods to respond to water emergencies and locate shut off valves and other devices necessary to isolate said emergencies;

(k) Failed to properly design its electrical equipment so as to prevent the infiltration of water into the equipment and directly into the basement of the Calvary Church;

(l) Failed to use waterproof/water-tight equipment to protect the electrical equipment serving Calvary Church and the property of Calvary Church;

(m) Failed to properly seal openings in the electrical service to prevent the entry of water into the electrical components and equipment and into Calvary Church; and

(n) Created openings in the foundation wall of the Calvary Church which were not used for the electrical service but which were unprotected and unsealed.

24. The City of Memphis had actual and/or constructive notice of the dangerous conditions that led to the failure of the abandoned and out of service water line and the dangerous condition of the electrical equipment described above because it caused or created the dangerous conditions, the dangerous conditions existed for a sufficiently lengthy period of time for the City of Memphis to have become aware of the dangerous conditions by the exercise of reasonable care, and/or the conditions were a result of a pattern of conduct, recurring incidents and a general continuing condition of which the City of Memphis was or should have been aware.

25. The negligence of the City of Memphis in (a) causing and creating the dangerous condition of the water line which existed prior to January 23, 2014, (b) causing and creating a dangerous condition of the electrical service by failing to properly design, maintain, test, inspect and install its electrical equipment and (c) failing to properly respond to the water emergency on January 23, 2014 constitutes three separate and distinct accidents and causes of action.

26. At all times material hereto, the City of Memphis was acting by and through its authorized agents, servants, employees, workmen, contractors.

27. The negligence, carelessness, acts and omissions of the City of Memphis described above were the legal, proximate and direct cause of the damages sustained by the Calvary Church and the plaintiff.

WHEREFORE, plaintiff requests judgment in its favor in an amount in excess of $100,000.00 together with interest, costs, fees, and such other relief as the Court deems appropriate.

**COUNT II: NUISANCE**

28. Plaintiff hereby incorporates and reavers as if fully stated herein the allegations preceding Count I and including Count I.

29. The acts, omissions, and other conduct of the City of Memphis alleged in the Facts section and in Count I proximately created a dangerous condition to exist in proximity to

the subject property and unreasonably interfered with Plaintiff's insured's use and enjoyment of its property and property interests.

30. These acts, omissions, and other conduct created a nuisance which proximately caused the damages set forth above.

31. The City of Memphis had actual and/or constructive notice of the dangerous conditions that led to the failure of the abandoned and out of service water line and the dangerous condition of the electrical equipment described above because it caused or created the dangerous conditions, the dangerous conditions existed for a sufficiently lengthy period of time for the City of Memphis to have become aware of the dangerous conditions by the exercise of reasonable care, and/or the conditions were a result of a pattern of conduct, recurring incidents and a general continuing condition of which the City of Memphis was or should have been aware.

32. Each of the above actions and omissions constituted a separate, affirmative act that caused damage to the property that is the subject matter of this action.

WHEREFORE, Plaintiff requests judgment in its favor in an amount in excess of $100,000.00 together with interest, costs, fees, and such other relief as the Court deems appropriate.

**COUNT III: TRESPASS**

33. Plaintiff hereby incorporates and reavers as if fully stated herein the allegations preceding Count I and including Count I.

34. By the conduct alleged in Count I, this defendant committed an unauthorized entry and/or invasion onto Plaintiff's insured's real property which proximately resulted in interference with the Plaintiff's insured's possessory interests and other interests in such real property.

35. The City of Memphis had actual and/or constructive notice of the dangerous conditions that led to the failure of the abandoned and out of service water line and the dangerous condition of the electrical equipment described above because it caused or created the dangerous conditions, the dangerous conditions existed for a sufficiently lengthy period of time for the City of Memphis to have become aware of the dangerous conditions by the exercise of reasonable care, and/or the conditions were a result of a pattern of conduct, recurring incidents and a general continuing condition of which the City of Memphis was or should have been aware.

36. Each of the above actions and omissions constituted a separate, affirmative act that caused damage to the property that is the subject matter of this action.

WHEREFORE, Plaintiff requests judgment in its favor in an amount in excess of $100,000.00 together with interest, costs, fees, and such other relief as the Court deems appropriate.

**COUNT IV: INVERSE CONDEMNATION**

37. Plaintiff hereby incorporates and reavers as if fully stated herein the allegations preceding Count I and including Count I as if fully stated herein.

38. The Tennessee Constitution states that "no man's particular services shall be demanded, or property taken, or applied to public use, without the consent of his representatives, or without just compensation being made therefor." Tenn. Const. art. I, § 21.

39. Although this constitutional provision recognizes the governmental right of eminent domain, the government is prohibited from taking property for private purposes and must pay just compensation when property is taken for public use.

40. Inverse condemnation proceedings against the government are authorized by Tennessee's eminent domain and inverse condemnation statutes. See Tenn. Code Ann. §§ 29-16-101 to 29-16-127; 29-17-101 to 29-17-1202.

41. The conduct of the City of Memphis alleged in the Facts section and in Count I constitutes an affirmative, positive, aggressive act on the part of the City of Memphis.

42. The affirmative acts and conduct of the City of Memphis alleged in the Facts section and in Count I constituted a taking of the subject property.

43. This defendant reasonably knew that its conduct would damage and/or diminish the value of the subject property.

44. This defendant's affirmative acts and conduct did in fact damage and/or diminish the value of the subject property.

45. The damage to the subject properties constituted a taking of those properties.

46. The affirmative, positive, aggressive acts on the part of this defendant were for a public use in that they allowed the City of Memphis to save money by withholding the labor and costs necessary to (a) address the defects and deficiencies in the out of service water line; (b) properly and promptly turn off or divert the water flow upon receiving reports from Calvary Church of the water emergency; (c) properly training its agents, servants, workmen, contractors and employees in the proper methods to respond to water emergencies and locate shut off valves and other devices necessary to isolate said emergencies; (d) designing its electrical equipment so as to prevent the infiltration of water into the equipment and directly into the basement of the Calvary Church; (e) using waterproof/water-tight equipment to protect the electrical equipment serving Calvary Church and the property of Calvary Church; (f) properly sealing openings in the electrical service to prevent the entry of water into the electrical components and equipment and into Calvary Church; and (g) such other ways as may be developed in the course of discovery.

47. The taking of the subject properties caused permanent damage to the subject property.

48. As a result of the acts, omissions, and other conduct of this defendant, Plaintiff's insured incurred the damages previously alleged.

WHEREFORE, Plaintiff requests judgment in its favor in an amount in excess of $100,000.00 together with interest, costs, fees, and such other relief as the Court deems appropriate.

Respectfully submitted this 2nd day of October 2014 by:

/s/ John W. Reis_____
John W. Reis
TN Bar No. 024816
COZEN O'CONNOR
301 South College Street, Suite 2100
Charlotte, NC 28202
Telephone: (704) 376-3400
Facsimile: (704) 334-3351
Email: jreis@cozen.com
Website: www.cozen.com

*Of Counsel:*
Paul R. Bartolacci
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2001
Fax: (215) 701-2001
pbartolacci@cozen.com
LEGAL\20972959\1